UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WILFREDO TORRES

               Plaintiff,

   -against-

THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
Individually and in their official capacity as
NARCOTIC BORO MANHATTAN NORTH
DETECTIVE VICTOR LEBRON SH# 02603,
DET. FRANCISCO FLORES, DET.
JOHN HOURICAN NEW YORK CITY
POLICE OFFICERS –
and John Doe Police Officers.

               Defendants.

--------------------------------------------------------X

**Judge Hellerstein**

**TRIAL BY JURY**
**DEMANDED**

'07 CIV    CIVIL NO.    7100



    Plaintiff Wilfredo Torres, by and through his attorney, Rudy Velez, Esq.,

respectfully shows to this court and alleges as follows:

## INTRODUCTION

   1.    This is an action commenced by plaintiff for money damages against

defendants for committing acts within the scope of their employment and under color of

law and depriving plaintiff of his rights secured by the Constitution and laws of the

United States and the State of New York.

    Plaintiff alleges that defendants through said Detectives deprived him of the

Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal

liberty, warrantless search, made without probable cause his 14th Amendment due process

rights, and arrest without probable cause.

1

This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3.       Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (1-4), and 2202.

4.       Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

5.       Plaintiff demands trial by jury in this action.

## PARTIES

6.       Plaintiff WILFREDO TORRES (TORRES) is an American Citizen residing in the Manhattan.

7.       Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

8.       Defendant NEW YORK CITY POLICE DEPARMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9.       At all times relevant herein, defendant Detective VICTOR LEBRON (Lebron) was a detective of the NBM, acting as an agent, servant and employee of

2

defendant CITY and in furtherance of the scope of his employment and acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and/or the Narcotic Department.

10.    At all times relevant herein, defendant detective FRANCISCO FLORES (Flores) was a detective of the NBM, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and/or the Narcotic Department.

11.    At all times relevant herein, defendant detective John Hourican (Hourican) was a detective of the NBM, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and/or the Narcotic Department.

## FACTUAL ALLEGATIONS

12.    At approximately 14:10 pm. on October 26, 2006, Torres was inside of 4188 Broadway, New York, New York which is a Rite Aid.  Police Officer Detective Lebron, Detective Flores and Detective Hourican arrested TORRES.  The police claimed TORRES had acted in concert with others in order to commit the offense of criminal sale of a controlled substance in the third degree (Penal Law Section 220.39). TORRES informed the police officer that they had the wrong person but he was booked and charged. TORRES was inside 4188 Broadway Avenue, which is a Rite Aid to buy deodorant, a toothbrush and other items. Mr. TORRES was in a public place and had

committed no act which would give the police a reason to search and arrest him or provide probable cause to interfere with his liberty.

13.     TORRES was incarcerated until the case was dismissed by the Hon. Laura Ward on January 31, 2007, Part 70 New York County Supreme Court.

14.     Torres appeared in New York Criminal Court on November 14, 2006. Torres was arraigned in New York Supreme Court, Part 70, where he pled not guilty. The indictment and all of the charges were dismissed on January 31, 2007 in Part 70, New York Supreme Court, Hon. Laura Ward. The charges were dismissed because "The only evidence linking the defendant and the alleged buyer, who was found to be possession of heroin, is the presence of the two individual in the back of the store and the defendant's intentional dropping of an object which was picked up by the alleged buyer. The testimony established that a detective "notice something dropping out of [the defendant's] hand into the display" and that the alleged buyer retrieved what the defendant dropped into the display. (Grand Jury minutes [GJ] at pp.7-8) A second detective testified that he observed a third detective recover several glassines of heroin from the alleged buyer. There is no evidence which even remotely suggests that the "something" dropped from the defendant's hand was the heroin subsequently."

15.     Prior to the announcement on January 31, 2007 by the Judge that the case would be dismissed, TORRES faced serious felony charges in Supreme Court. The ordeal greatly traumatized TORRES and as a result of his incarceration and numerous forced court appearances, he was deprived of his liberty for over three months.

## DAMAGES

16.    As a direct and proximate result of the said acts of the defendant,

TORRES suffered the following injuries and damages:

a.    Violation of his rights under the Fourth, Fifth and Fourteenth

Amendments to the Constitution;

b.    Loss of physical liberty due to incarceration;

c.    Further restrictions on his liberty due to forced court appearances;

d.    Humiliation, embarrassment, and injury to reputation;

e.    Extreme emotional distress;

f.    Severe disruption of family and work.

## CAUSES OF ACTION

## COUNT I

## 42. U.S.C. § 1981, 1983 – FOURTH AND FORTEENTH AMENDMENT

## VIOLATIONS: FALSE ARREST

17.    Paragraphs 1- 15 are incorporated by reference as though fully set forth.

18.    Plaintiff did not commit, either before or at the time he was unlawfully

arrested, imprisoned, prosecuted and deprived of his constitutional rights as set

forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and

the Constitution of the State of New York, any illegal act.  The Fourth

Amendment protects people from unreasonable searches and seizures.  The

plaintiff claims that his search and arrest was unlawful because it was made

without probable cause to believe TORRES had possessed a controlled substance

with the intent to sell it.

5

19.     As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was unlawfully searched and arrested and imprisoned, prosecuted and compelled to be arraigned and appear in Criminal Court and Supreme Court numerous times until he was fully acquitted with a full dismissal of all criminal charges by the Hon. Laura Ward on January 31, 2007.

20.     That on or about 26th day of October, 2006 at or about approximately 14:10 p.m. of that day, while the plaintiff was lawfully and properly in a public place located inside of 4188 Broadway Avenue, New York, NY and subsequent times thereafter, including but not limited to a New York Precinct, Central Booking and a detention cell at the Criminal Court building located at 100 Center Street, the defendants, their agents, servants and employees falsely arrested TORRES without any probable cause or any just right or grounds therefore.

21.     That the plaintiff was deprived of his liberty and was forced to submit to numerous court proceedings.

22.     That the defendant police officers, acting under color of authority did not testify truthfully and withheld vital information before a grand jury, in the County of the New York, New York.

23.     That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant CITY and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the CITY.

24.    That at all times hereinafter mentioned, defendants, Police Officer
Detective Lebron, Det. Flores and Det. Hourican , were acting under color
of law in their official capacity as a New York City Police Officers.

25.    That during all times hereinafter mentioned, the defendant police officers
and each of them, separately, and in concert, acted under color and
pretense of law, to wit:  under color of the statutes, ordinances,
regulations, customs and usages of the CITY and the defendants here,
separately and in concert, engaged in the illegal conduct here mentioned to
the injury of the plaintiff, TORRES, and deprived plaintiff of the rights,
privileges and immunities secured to plaintiff by the Fourth and
Fourteenth Amendments to the Constitution of the United States and the
laws of the United States to wit: to be free from warrant less searches and
arrests without probable cause.  The defendants' actions played a
substantial role in bringing about a deprivation of the Fourth Amendment
right to be free of unreasonable search and seizure and restraint on his
liberty without due process, and arrest without probable cause.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of One
Million ($1,000,000.00) dollars.


**WHEREFORE**, plaintiff requests the following relief as against all of the
defendants:

1.    Award compensatory damages in the amount of One Million
Dollars on each Cause of Action;

2.    Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3.    For such other and further relief as to this Court may seem just and proper.

Dated: Bronx, New York
       August 9 , 2007

_____
RUDY VELEZ /7160
930 Grand Concourse suit 1A
Bronx, New York 10451
(718) 993-3062
(718) 993-3064 (fax)