UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WILFREDO TORRES,

                                        Plaintiff,    **ANSWER TO COMPLAINT**

              -against-

THE CITY OF NEW YORK(CITY); THE NEW YORK     **07 CIV 7100 (AKH)**
CITY POLICE DEPARTMENT(NYPD); individually and
in their official capacity as NARCOTIC BORO     **Jury Trial Demanded**
MANHATTAN NORTH DETECTIVE VICTOR
LEBRON SH#02603, DETECTIVE FRANCISCO
FLORES, DET. JOHN HOURICAN NEW YORK CITY
POLICE OFFICERS and John Doe Police Officers,

                                        Defendants.

------------------------------------------------------------------------ x

        Defendants City of New York and the New York City Police Department, Detective Francisco Flores, Detective John Hourican and Detective Victor Lebron, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.      Paragraph "5" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the NYPD is an agency of the City of New York.

9. The allegations set forth in paragraph "9" of the complaint constitute legal conclusions, except admit that Detective Victor Lebron was a police officer of the NYPD.

10. The allegations set forth in paragraph "10" of the complaint constitute legal conclusions, except admit that Detective Flores was a police officer of the NYPD assigned to the Narcotics Borough Manhattan North.

11. The allegations set forth in paragraph "11" of the complaint constitute legal conclusions, except admit that Detective Hourican was a police officer of the NYPD assigned to the Narcotics Borough Manhattan North.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit plaintiff was arrested by Detective Lebron inside a Rite Aid located at 4188 Broadway, New York, NY.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit the charges against plaintiff were dismissed by Judge Ward on January 31, 2007.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "16" inclusive of this answer, as if fully set forth herein.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Paragraph "24" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

25. Deny the allegations set forth in paragraph "25" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

26. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

27. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

28. Plaintiff has failed to comply with New York General Municipal Law §50-e.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

29. Plaintiff provoked any incident.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE:

30. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

31. There was probable cause for plaintiff's arrest, detention, and criminal prosecution.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

32. The defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

33. The New York Police Department is a non-suable entity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

34. Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

WHEREFORE, defendants City of New York, New York Police Department, Detective Francisco Flores, Detective John Hourican and Detective Victor Lebron request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         February 27, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                    City of New York
                    Attorney for Defendants City of New York,
                     NYPD, Detective Francisco Flores, Detective John
                    Hourican and Detective Victor Lebron
                    100 Church Street, Room 3-146
                    New York, New York 10007
                    (212) 788-1894

              By: _____
                    David M. Pollack
                    Assistant Corporation Counsel

To:   Rudy Valez, Esq. (By ECF)
      930 Grand Concourse, Suite 1A
      Bronx, New York 10451